PARTS DEPOT, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

Union of Needletrades, Industrial and Textile Employees, Intervenor.

No. 00–1456.

United States Court of Appeals, District of Columbia Circuit.

Nov. 13, 2001.

Rehearing En Banc Denied Feb. 6, 2002.

Before EDWARDS and RANDOLPH, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

PER CURIAM.

### JUDGMENT

These causes came to be heard on petitions for review and cross-applications for enforcement of orders of the National Labor Relations Board, and were briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* D.C. Cir. R. 36(b). On consideration thereof, it is

ORDERED and ADJUDGED that the petitions for review are hereby denied, and the Board's cross-applications for enforcement are granted.

The Board found that petitioner Parts Depot, Inc. ("PDI") committed a large number of unfair labor practices before, during, and after a union election at one of its Florida facilities. The Board also found that PDI wrongfully offered inducements, including wage increases, to employees so that they would not support the union, and that PDI took retributive action, including termination, against employees who supported the union. Finally, the Board found that the violations had lingering effects rendering the possibility of holding a fair election in the future slim. These findings were supported by substantial evidence in the record, which indicated that pervasive violations of the National Labor Relations Act were committed by high level managers against a large number of employees and against union supporters in particular.

Based on its findings, the Board determined that a Category II bargaining order

was justified under *NLRB v. Gissel Packing Co.,* 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969). Substantial evidence supports the Board's findings that the union had the support of a majority of employees in the bargaining unit at one time, that petitioner's pervasive unfair labor practices had the effect of undermining this majority's strength and impeding the election process, and that the possibility of erasing the effects of these violations and ensuring a fair rerun election by traditional remedies was slight. The bargaining order remedy imposed by the Board was therefore fully justified. It is

FURTHER ORDERED, *sua sponte,* that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing *en banc.* *See* D.C. CIR. R. 41(a)(1). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.