**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 07-1178**

───────────────

PARTS DEPOT, INCORPORATED,

                                Petitioner,

        versus

NATIONAL LABOR RELATIONS BOARD,

                                Respondent.

-------------------------------

UNITE HERE,

                    Respondent - Intervenor.


───────────────

**No. 07-1290**

───────────────

NATIONAL LABOR RELATIONS BOARD,

                                Petitioner,

        versus

PARTS DEPOT, INCORPORATED,

                                Respondent.

-------------------------------

UNITE HERE,

                                  Intervenor.

On Petition for Review and Cross-application for Enforcement of an Order of the National Labor Relations Board. (12-CA-16449; 12-CA-16741)

Argued: December 4, 2007                    Decided: January 7, 2008

Before KING and SHEDD, Circuit Judges, and Henry F. FLOYD, United States District Judge for the District of South Carolina, sitting by designation.

Petition for review denied; cross-application for enforcement granted by unpublished per curiam opinion.

**ARGUED:** Cathy M. Stutin, FISHER & PHILLIPS, L.L.P., Ft. Lauderdale, Florida, for Parts Depot, Incorporated. Christopher Warren Young, NATIONAL LABOR RELATIONS BOARD, Office of the General Counsel, Washington, D.C., for the Board; Brent Garren, UNITE HERE, New York, New York, for Unite Here. **ON BRIEF:** Charles S. Caulkins, FISHER & PHILLIPS, L.L.P., Ft. Lauderdale, Florida, for Parts Depot, Incorporated. Ronald Meisburg, General Counsel, John E. Higgins, Jr., Deputy General Counsel, John H. Ferguson, Associate General Counsel, Linda Dreeben, Assistant General Counsel, Robert J. Englehart, Supervisory Attorney, Tracie C. Robinson, Student Intern, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for the Board. David M. Prouty, UNITE HERE, New York, New York, for Unite Here.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Parts Depot, Inc. petitions for review of a supplemental order of the National Labor Relations Board (the "Board") awarding backpay to four former Parts Depot employees. The Board cross-applies, seeking enforcement of its order. Because we find no abuse of discretion in the Board's backpay order, we grant enforcement and deny Parts Depot's petition for review.

I

In 2000, the Board found that Parts Depot violated sections 8(a)(1), (3) and (5) of the National Labor Relations Act ("NLRA" or the "Act"), 29 U.S.C. §§ 8(a)(1), (3) and (5), when it laid off 14 employees in 1994 without first bargaining with Unite Here, the designated collective bargaining representative of Parts Depot's employees. The Board ordered Parts Depot to provide backpay and offer reinstatement, and that order was enforced by the Court of Appeals for the District of Columbia Circuit. See Parts Depot, Inc., 332 NLRB 670 (2000) and 332 NLRB 733(2000), enforced, 24 Fed. Appx. 1 (D.C. Cir. 2001).

The Board then initiated the present backpay proceedings. A hearing was held before an Administrative Law Judge ("ALJ"), and the Board ultimately awarded backpay to claimants Isabel Martinez, Aundria McGregor, Angela Wilson, and Altonia Wright. In this petition, Parts Depot challenges all four awards on due process

grounds and the awards to Martinez, McGregor, and Wilson for lack of substantial evidence.[1]

II

Section 160(c) of the Act expressly grants the Board the authority to award backpay as a means to restore the situation "as nearly as possible, to that which would have obtained but for" an employer's illegal conduct. Phelps Dodge Corp. v. NLRB, 313 U.S. 177, 194 (1941). Because "backpay is within the 'empiric process of administration' Congress has entrusted to the expertise of the Board," we review the Board's backpay order for an abuse of the discretion lodged in the Board. Coronet Foods, Inc. v. NLRB, 158 F.3d 782, 798 (4th Cir. 1998) (quoting Phelps, 313 U.S. at 194). In doing so, we must affirm the Board's interpretations of the NLRA if they are "rational and consistent with the Act," and we must affirm the Board's factual findings if they are "supported by substantial evidence on the record considered as a whole." Medeco Sec. Locks, Inc. v. NLRB, 142 F.3d 733, 742 (4th Cir. 1998)(internal citations and quotations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Diesel Co. v. NLRB, 263 F.3d 345, 351 (4th Cir. 2001) (internal quotation and

---

[1]Backpay due the other ten laid-off employees is not at issue in this appeal.

4

citation omitted).  If substantial evidence exists, we must uphold the Board's decision "even though we might have reached a different result had we heard the evidence in the first instance."  NLRB v. Daniel Const. Co., 731 F.2d 191, 193 (4th Cir. 1984).

III

A.

Parts Depot's first argument on appeal is that it was denied due process by several evidentiary and procedural rulings of the ALJ.  Parts Depot identifies five rulings it contends deprived it of due process: (1) the ALJ's restriction of Parts Depot's questioning of the Board's Compliance Officer; (2) the ALJ's restriction of Parts Depot's questioning of the claimants; (3) the ALJ's exclusion of certain aspects of the testimony of Parts Depot's expert witness; (4) the ALJ's refusal to fully enforce Parts Depot's subpoenas; and (5) the ALJ's refusal to allow Parts Depot to amend its answer after the start of the hearing.

ALJs are accorded significant discretion in controlling the hearing and the development of the factual record in cases before them.  See, e.g., Victor's Café 52, Inc., 338 NLRB 753, 756-57 (2002).  The record before us supports the Board's conclusion that the ALJ's evidentiary rulings properly restrained Parts Depot from pursuing arguments without basis in Board law and served to limit the presentation of cumulative, irrelevant, and superfluous

5

testimony. Likewise, the ALJ was within his discretion to restrict enforcement of Parts Depot's subpoenas to matters relevant to the issue of backpay and to decline to permit Parts Depot to amend its answer after the start of the hearing to assert a new affirmative defense in the absence of a showing that Parts Depot could not have pled this defense earlier. These rulings did not deprive Parts Depot of due process and provide no basis for refusing to enforce the Board's order.

B.

Parts Depot next argues that the Board's backpay awards to Martinez, McGregor, and Wilson are not supported by substantial evidence.

Parts Depot makes two primary arguments concerning Martinez. First, it argues that there is no substantial evidence that Martinez exercised reasonable diligence in seeking a job after being laid off. See NLRB v. Pepsi Cola Bottling Co. of Fayetteville, 258 F.3d 305, 311 (4th Cir. 2001) ("Where an employer demonstrates that an employee did not exercise reasonable diligence in his or her efforts to secure interim employment, then it has established that the employee has not properly mitigated his or her damages.") (internal quotation and citation omitted). We find that the work and interim earnings reports submitted by Martinez and her testimony at the hearing constitute substantial evidence in support

of the Board's conclusion that she was either employed or diligently seeking employment throughout the backpay period.

Second, Parts Depot argues that all of Martinez's backpay should have been disallowed because she concealed earnings from her job at the Night and Day Laundry. See Ad Art, Inc., 280 NLRB 985, 986 (1986) ("denial of backpay in all cases of willful concealment most forcefully and effectively serves to promote the integrity of the Board's compliance processes") (Chairman Dotson, concurring). Instead of denying all backpay, the Board denied Martinez backpay for each quarter that she concealed her income, an approach consistent with Board precedent. See Am. Navigation Co., 268 NLRB 426, 428-29 (1983). The Board has "broad discretion" in selecting remedies, even when an award accrues to the benefit of a claimant who has testified falsely in a Board proceeding. See ABF Freight Sys., Inc. v. NLRB, 510 U.S. 317, 325 (1994). Because the Board's decision not to disallow all of Martinez's backpay was within its broad discretion, we decline to set it aside on appeal.

Parts Depot next argues that McGregor's backpay award cannot be sustained because he unjustifiably quit several jobs during the backpay period. A claimant's willful loss of earnings is an affirmative defense to backpay liability. See Pepsi Cola, 258 F.3d at 310. However, a claimant is not required to accept or retain interim employment that is substantially more onerous than the job he was laid off from, is unsuitable, or threatens to become so.

7

Nor is a claimant required to accept or retain interim employment that entails greater exposure to environmental hazards or hardships that were not present in his previous job. See, e.g., Chem Fab Corp., 275 NLRB 21, 24 (1985) enforced, 774 F.2d 1169 (8th Cir. 1985). The Board concluded that because each of the jobs McGregor quit involved conditions more onerous than his warehouse job with Parts Depot, he was not required to accept them in the first place, and therefore his resignation from those jobs was reasonable.

We hold that the Board's determination is supported by substantial evidence. The record demonstrates that McGregor quit his job at Florida Smoked Fish because the job required him to work with fish and "constantly be[] in water." J.A. 273. He also left a job with Jamo, Inc., a concrete company, because he was "inhaling the chemicals that were used to make the cement" and because he was "having problems getting [the chemicals] off [his] skin." J.A. 291, 293. He left his job with Carnival Fruit Company because it required him to work at "zero temperature" with the result that he had frequent colds. J.A. 299. Having been unlawfully laid off by Parts Depot, McGregor was not required to accept or remain in these less desirable employment conditions.

Finally, Parts Depot challenges the backpay award to Wilson, claiming that Wilson unjustifiably quit a job at Unicco Service Company because it required overnight hours and at GP Plastics Corporation because it was too much work. Parts Depot did not make

8

these arguments before the Board, and therefore we lack jurisdiction to consider them.  29 U.S.C. § 160(e).[2]


IV

Because we find no abuse of discretion in the Board's supplemental order, we deny Parts Depot's petition for review and grant the Board's cross-application for enforcement of its order.


<u>PETITION FOR REVIEW DENIED;</u>
<u>CROSS-APPLICATION FOR ENFORCEMENT GRANTED</u>

---

[2]Parts Depot also argues that the Board's method for calculating the claimants' interim earnings was unreasonable.  The Board took annualized statements of each claimant's earnings and divided these by four to produce quarterly interim earnings, which it then deducted from quarterly gross backpay to determine net backpay.  Parts Depot argues that the Board was required to calculate more accurately the quarterly earnings of the claimants during the backpay period by determining interim earnings on a quarterly basis.  The Board determined that Parts Depot's suggested method would be impractical in cases like this one, where exact employment dates over a ten-year period cannot be precisely determined.  J.A. 128 n.8.  We find no abuse of discretion in the Board's conclusion or method of calculating backpay.